UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | | |
|---|---|---|
| ANTHONY WASHINGTON, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 7: 05-69-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| DAN L. DOVE, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondents. | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

Petitioner Anthony Washington, a District of Columbia-convicted inmate confined at the United States Penitentiary-Big Sandy at Inez, Kentucky, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241.  He complains the United States Parole Commission violated his due process rights when November 20, 2001, August 20, 2002, and June 24, 2004 rehearings resulted in Notices of Action that allegedly arbitrarily and capriciously denied him release on parole.[1]  The petitioner does not assert that he has exhausted his administrative remedies within the Bureau of Prisons regarding his parole release date.  As a result, this matter is not presently properly before the Court.  *Dunne v. Olson*, 67 Fed.Appx. At \*944 (7th Cir. (Ind.)) (citing *See Booth v. Churner*, 532 U.S. 731, 740-41, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001)).

The statutory and regulatory scheme of the District of Columbia Code involving parole for D.C. offenders, when examined in its entirety, does not give prisoners a due process liberty interest in parole.  *Ellis v. District of Columbia*, 84 F.3d 1413, 318 U.S.App.D.C. 39 (1996).  The United

---

[1]   The petitioner has submitted a letter [Record No. 9] stating that this action is identical to a case which has been transferred into this Court from the U.S. District Court for the District of Columbia.  The petitioner seeks to have the transferred-in case, No. 05-0652, dismissed.  This letter should be docketed in the transferred case, as it has no bearing on the resolution of this case, which was originally filed in this district.

States Parole Commission may depart from D.C. parole guidelines when the particular circumstances of a prisoner's history may warrant a departure. *McKinnon v. Conner*, 120 Fed.Appx. 280, 2005 WL 139174 (10th Cir. (Kan.) 2005) (citing *See Ellis v. District of Columbia*, 84 F.3d 1413, 1419-20 (D.C. Cir. 1996); *McRae v. Hyman*, 667 A.2d 1356, 1357 (D.C. 1995)). The District of Columbia's parole regulations do not create a protected liberty interest. Therefore, the due process claim challenging the Parole Commission's alleged departure from the regulations may not proceed. *Brown v. U.S. Parole Commission*, 2003 WL 194206 (S.D.N.Y. 2003); *Peoples v. Federal Bureau of Prisons*, 78 Fed.Appx. 956, 2003 WL 22427947 (5th Cir. (Tex.)).

The Commission has chosen to keep the petitioner confined because he was extremely reluctant to admit his involvement in this murder, and he committed an unusually brutal, unprovoked murder of a female involving numerous stab wounds to the victim's head and chest.

## CONCLUSION

Accordingly, the Court being sufficiently advised, it is **ORDERED** as follows:

(1)   Petitioner is request for a writ of habeas corpus is **DENIED**.

(2)   Petitioner's motion for appointment of counsel [Record No. 8] is **DENIED**.

(3)   All other motions [Record Nos. 2, 3, 4, 5, 7 and 9] are **DENIED** as moot.

(4)   This action is **DISMISSED**, *sua sponte*, and stricken from the Court's docket.

This 15th day of April, 2005.



Signed By:
*Danny C. Reeves* DCR
United States District Judge